IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| ANTHONY JOSUE GRAJALES,<br><br>Plaintiff,<br><br>v.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC.,<br><br>Defendant. | ) | 1:25-cv-851 |

**MEMORDANUM OPINION AND ORDER**

**OSTEEN, JR., District Judge**

Before this court are two Motions to Dismiss filed by Defendant Experian Information Solutions, Inc., ("Defendant"). (Docs. 9, 14.) The motions are similar and will be addressed jointly. Defendant moves to dismiss Plaintiff Anthony Josue Grajales' ("Plaintiff") Complaint, (Doc. 3), under Federal Rule of Civil Procedure 12(b)(6). In response, Plaintiff filed a motion to strike, (Doc. 21), and a response on the merits, (Doc. 17). Plaintiff also moves to redact personal information from all prior filings. (Doc. 11.)[1] For the reasons set forth herein, this court will grant Defendant's motion to dismiss and deny Plaintiff's motions.

[1] All citations in this Order to documents filed with this court refer to the page numbers located at the bottom right-hand corner of the documents as they appear on CM/ECF.

## I. BACKGROUND

On a motion to dismiss, a court must "accept as true all of the factual allegations contained in the complaint . . . ." Ray v. Roane, 948 F.3d 222, 226 (4th Cir. 2020) (quoting King v. Rubenstein, 825 F.3d 206, 212 (4th Cir. 2016)). The facts, taken in the light most favorable to Plaintiff, are as follows.

Plaintiff, proceeding pro se, alleges numerous violations of the Fair Credit Reporting Act ("FCRA"). He alleges to have submitted multiple disputes and requests for reinvestigation of inaccurate credit information to Defendant throughout 2025. (Doc. 3 ¶ 5.) The disputes were submitted with respect to inaccurate personal identifying information — specifically outdated and unauthorized addresses, (Doc. 3 at ¶ 5), unconsented to soft and hard inquiries made against his credit score, (id. at ¶ 6), and Defendant's failure to "block or remove unauthorized accounts", (id. at ¶ 7). Defendant appears to have responded but without "results or proper explanations."[2]

Jurisdiction of this court arises under 15 U.S.C. § 1681p, which authorizes suit to enforce liability under the Fair Credit Reporting Act in any appropriate United States district court,

---

[2] Plaintiff alleges Defendant failed "to respond with results or proper explanations as required." (Doc. 3 at ¶ 8.) This court, liberally construing the complaint, takes this to mean Defendant did in fact respond but inadequately in Plaintiff's view.

and 28 U.S.C. § 1331. Defendant does not contest personal jurisdiction or venue, and any such objection is waived. Fed. R. Civ. P. 12(h)(1).

## II. LEGAL STANDARD

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. V. Twombly, 550 U.S. 544, 570 (2007)). A claim is facially plausible if the plaintiff provides enough factual content to allow the court to reasonably infer that the defendant is liable for the alleged misconduct. Id. Plausibility requires more than a mere possibility of misconduct to sufficiently state a claim. Id. at 678. "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555, 557). While a court must accept as true all factual allegations in the complaint, this principle does not apply to legal conclusions couched as factual allegations. Twombly, 550 U.S. at 555. The court must also separate out allegations not entitled to the assumption of truth, including conclusory allegations and bare assertions amounting to a "formulaic recitation of the elements[,]" to determine whether the factual

allegations, taken as true, "plausibly suggest an entitlement to relief." Iqbal, 556 U.S. at 680-81.

"A document filed pro se is 'to be liberally construed,' and 'a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citations omitted). Nevertheless, liberal construction of a pro se complaint does not "undermine Twombly's requirement that a pleading contain 'more than labels and conclusions[.]'" Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (citation omitted).

## III. ANALYSIS

Congress enacted the FCRA to "require that consumer reporting agencies adopt reasonable procedures for meeting the needs of commerce for consumer credit, insurance, and other information in a manner that is fair and equitable to the consumer." 15 U.S.C. § 1681(b). In doing so, Congress allowed "access to a consumer's credit report only under specific circumstances where a permissible purpose exists." Cappetta v. GS Servs. Ltd. P'ship, 654 F.Supp.2d 453, 457 (E.D. Va. 2009). Congress also "adopted a variety of measures designed to insure that agencies report accurate information..." Dalton v. Cap. Associated Indus., Inc., 257 F.3d 409, 414-15 (4th Cir. 2001).

Relevant here are three provisions: 15 U.S.C. § 1681b, which limits the circumstances under which an agency may furnish a consumer report; 15 U.S.C. §§ 1681e(b), which requires an agency preparing a report to "follow reasonable procedures to assure maximum possible accuracy," and 15 U.S.C. § 1681i(a), which requires an agency to reinvestigate information a consumer disputes. "Congress also gave individuals the right to sue reporting agencies for violations of FCRA. §§ 1681n, 1681o." Dalton, 257 F.3d at 415. (cleaned up).

Sections 1681n and 1681o supply the remedies for willful and negligent violations, respectively. Neither, however, imposes an independent duty. Each attach only where a defendant has failed "to comply with a requirement imposed under" the Act. 15 U.S.C. §§ 1681n(a), 1681o(a); see also King v. Equable Ascent Fin., LLC, No. 1:12-CV-443, 2013 WL 2474377, at *2 (M.D.N.C. June 10, 2013)("[A] plaintiff must allege facts showing each of the following: (i) there was a consumer report; (ii) the defendants used or obtained it, (iii) the defendants did so without a permissible statutory purpose, and (iv) the defendants acted with the specified culpable mental state.").

Plaintiff's allegations, liberally construed, fall into three groups: unauthorized soft and hard inquiries on his consumer report (Doc 3. ¶ 6); inaccurate personal identifying

information, specifically outdated and "unauthorized" addresses; (id. ¶ 5), and "unauthorized" accounts associated with tradelines that Defendant declined to block or remove, (id. ¶ 7).

**A. "Permissible Purpose" under § 1681b**

This court turns first to Plaintiff's allegation that Defendant "allowed or facilitated unauthorized soft and hard inquires on Plaintiff's report" under § 1681b. Begin with the text. § 1681b(a) states "[a]ny consumer reporting agency may furnish a consumer report under the following circumstances and no other" and then proceeds to list a variety of permissible uses. Relevant here is Plaintiff's allegation that "numerous unauthorized soft and hard inquires" were conducted without Plaintiff's consent and "which served no permissible purpose under 15 U.S.C. § 1681b. (Doc. 3 at ¶ 1.) Yet, the text of the statute makes clear, § 1681b does not require consumers' "permission" to access their credit report if it is used for a variety of circumstances. See Glanton v. DirecTV, LLC, 172 F. Supp. 3d 890, 895 (D.S.C. 2016) ("By its plain language, Section 1681b does not require that a user of credit reports like the defendant have a consumer's 'permission' to access his credit report."); see also, e.g., Huertas v. Galaxy Asset Mgmt., 641 F.3d 28, 34 (3d Cir. 2011). Nor is it necessary "that the

plaintiff have direct dealings with a defendant in order for the defendant to lawfully obtain a consumer report." Gibbons v. GC Servs., LLC, No. 13-CV-00084-BO, 2013 WL 5371620, at *2 (E.D.N.C. Sept. 24, 2013) (dismissing complaint which alleged that defendant "intruded into plaintiff's privacy" by obtaining a copy of his credit report despite the supposed fact that the plaintiff had no "prior business dealings or accounts with defendant").

Plaintiff alleges the soft and hard inquires "[w]ere never consented to" and "served no permissible purpose." (Doc. 3 ¶ 6.) Consent is one of the enumerated purposes under § 1681b(a)(2), but it is not a precondition to the other nine. Alleging an inquiry occurred without authorization says nothing about whether it fell within a permissible purpose under § 1681b(a)(3). Plaintiff pled nothing about what Defendant knew or had reason to know about any requester. Plaintiff also fails to identify a single inquiry made with any specificity. Therefore, Plaintiff's allegations of reports serving "no permissible purpose" under 15 U.S.C. § 1681b is a conclusion which fails to state a claim for relief. See Bos. v. Collection Co. of Am., No. 12CV603-MU, 2013 WL 170401, at *3 (W.D.N.C. Jan. 16, 2013), aff'd, 538 F. App'x 243 (4th Cir. 2013) (dismissing Plaintiffs complaint under § 1681b because it provided "only conclusory

statements that Defendant violated the FCRA by obtaining Plaintiff's consumer report without a permissible purpose").

**B. Accurate Information under § 1681e(b) and § 1681i(a)**

Section 1681e(b) provides that "[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." An agency thus violates the provision if "(1) the consumer report contains inaccurate information and (2) the reporting agency did not follow reasonable procedures to assure maximum possible accuracy." Dalton v. Cap. Associated Indus., Inc., 257 F.3d 409, 415 (4th Cir. 2001). Inaccurate information, the first element, must be "'patently incorrect' or 'misleading in such a way and to such an extent that it can be expected to [have an] adverse [ ]' effect." Id. (quoting Sepulvado v. CSC Credit Servs., 158 F.3d 890, 895 (5th Cir.1998)).

Section 1681i(a) governs an agency's obligations once a consumer disputes an item in his file. Upon notice of a dispute, the agency must "conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate," and must either record the current status of the information or delete it, generally within thirty (30) days. 15 U.S.C. § 1681i(a)(1)(A). If an item "is found to be inaccurate or

incomplete or cannot be verified, the consumer reporting agency shall" either delete or modify the information from the consumers file. 15 U.S.C. § 1681i(a)(1)(A).

Both provisions share a common predicate: the information at issue must in fact be inaccurate. See Dalton, 257 F.3d at 415 ("[A] consumer reporting agency violates § 1681e(b) if (1) the consumer report contains inaccurate information and (2) the reporting agency did not follow reasonable procedures to assure maximum possible accuracy."); Hinton v. TransUnion, LLC, 654 F. Supp. 2d 440, 451 (E.D.Va. 2009) (a consumer "who bring[s] a § 1681i failure to reinvestigate claim must first show that his credit file contains inaccurate or incomplete information"), aff'd, 382 F. App'x 256 (4th Cir. 2010); see also DeAndrade v. Trans Union, LLC, 523 F.3d 61, 67 (1st Cir. 2008). The text of § 1681i(A)(5)(A) confirms that: the reinvestigation is directed at determining whether the disputed information "is inaccurate," and the duty to delete arises only upon a finding of inaccuracy, incompleteness, or unverifiability.

Plaintiff's allegations fail to allege facts which plausibly establish a claim at this threshold element, as explained hereinafter.

**1. Outdated and Unauthorized Addresses**

Plaintiff first alleges that he disputed "inaccurate personal identifying information, including outdated and unauthorized addresses." (Doc 3, ¶ 5.) As an initial matter, an address at which a consumer formerly resided is not "patently incorrect." Dalton, 257 F.3d at 416. It is possible that a previous address is outdated yet accurate. And without more information as to why an address is "unauthorized," this is the kind of conclusory label Iqbal cautions against. See Ashcroft 556 U.S. at 678. It is also unclear how address information could have an adverse effect, and Plaintiff does not specify if or how this information was used adversely. As such, this claim fails.

**2. Failure to Remove Unauthorized Accounts**

Plaintiff further alleges that Defendant "failed to block or remove unauthorized accounts, including tradelines related to entities such as Mission Lane and Affirm, even after being provided with detailed written disputes."[3] (Doc. 3 ¶ 7.) Although

---

[3] Plaintiff's reference to Defendant's failure to "block" the tradelines implicates § 1681c-2, which requires an agency to block information resulting from an alleged identity theft. That obligation arises only upon receipt of an identity theft report, proof of identity, and the consumer's identification of the information. 15 U.S.C. § 1681c-2(a). An identity theft report must be filed with a law enforcement agency. Id. § 1681a(q)(4). Plaintiff does not allege any report was filed, and any claim under § 1681c-2 therefore fails as well.

this allegation identifies which tradelines Plaintiff disputes, it never alleges what about them is inaccurate. The word "unauthorized" is conclusory and implicates two possible meanings: Either the accounts do not belong to Plaintiff, or Plaintiff contests the legal validity of the obligations he in fact incurred. The distinction matters. The first would describe a plain factual inaccuracy, while the second would describe a dispute between the third party and Plaintiff with Defendant as the informational medium. Plaintiff supplies no facts permitting the court to determine which he means — no allegation he never opened the accounts, no allegation the balances or payment histories are wrong, and no description of what the reported tradelines say.

Although the court construes a pro se complaint liberally, Erikson v. Pardus, 551 U.S. 89, 94 (2007), it may not construct the plaintiff's claim for him, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985). Because the complaint does not permit a plausible inference that the reported information is inaccurate, it fails at the first element of § 1681e(b) and at the corresponding predicate of § 1681i(a). See Hinton, 654 F. Supp. 2d at 451.

Plaintiff's allegation that Defendant declined to remove the tradelines does not fill the gap. Section 1681(i) requires a

reasonable reinvestigation, not deletion. An agency that reinvestigates a disputed item and verifies it has complied with the statute. Dalton, 257 F.3d at 416.

### 3. **Inquiry Entries**

To the extent Plaintiff contends that the inquiry entries themselves are inaccurate, rather than that the underlying inquiries were impermissible, the claim fails for the same reason. Plaintiff does not identify a single inquiry by requester or date, does not allege that any identified inquiry did not occur, and does not explain what about the inquiries are incorrect. "Put plainly, the factual matter offered by Plaintiff in his amended complaint establishes nothing beyond speculation as to the 'mere possibility' of a violation of the FCRA, without presenting 'enough fact to raise a reasonable expectation that discovery will reveal' unlawful conduct." Hinkle v. CBE Grp., No. CV 311-091, 2012 WL 681468, at *3 (S.D. Ga. Feb. 3, 2012).

### 4. **Reasonableness of the Reinvestigation**

Even setting aside the absence of any actionable inaccuracy, Plaintiff has not pled sufficient facts bearing on the reasonableness of Defendant's reinvestigation. He alleges that he submitted "multiple disputes" and "detailed written disputes" "throughout 2025," and that Defendant "failed to conduct a lawful reinvestigation" and "failed to respond with

results.” (Doc 3. ¶¶ 5, 7, 8.) Again, the complaint leaves this court unable to determine when the dispute was sent, what it contained, what documentation accompanied it, and what Defendant did in response. Plaintiff does not allege any facts which might support the “unlawful” conclusion. Without such facts, the court has no basis to assess whether Defendant’s conduct fell short of what § 1681(i)(a) requires. These allegations amount to a recitation of the statutory standard which is insufficient. Iqbal, 556 U.S. at 678.

### C. Willful and Negligent Noncompliance

Sections 1681n and 1681o create liability only for a failure to comply with a requirement imposed by the FCRA. Because Plaintiff has not plausibly alleged a violation of § 1681b, § 1681e(b), or § 1681i(a), the court need not reach whether any such violation was willful or negligent.

The court also does not address the Defamation and Invasion of Privacy claims as they are preempted by the FCRA. See 15 U.S.C. §§ 1681h(e), 1681t; see also Joiner v. Revco Disc. Drug Ctrs., Inc., 467 F. Supp. 2d 508, 512 (holding the FCRA preempts state common law claims). Because Plaintiff is proceeding pro se and the complaint is so deficient, this court is unable to determine whether Plaintiff might be able to allege facts in

support of his claim. The order dismissing the complaint will be without prejudice.

### D. Plaintiff's Additional Motions

Plaintiff has also filed a Motion to Redact Personal Information, (Doc. 11), seeking to seal or redact his address information. But his address is necessary to his complaint and part of the public docket because he is proceeding pro se, so it is not subject to redaction. After careful review, Plaintiff's request to seal or redact the prior filings in this case will be denied.

After careful review, Plaintiff's motion to strike, (Doc. 21), is also denied. Plaintiff may file, and has filed, a response to the Motion to Dismiss. Plaintiff provides no basis which would support striking Defendant's motion to dismiss.

## IV. CONCLUSION

**IT IS THEREFORE ORDERED** that Defendant's Motions to Dismiss, (Docs. 9, 14), are **GRANTED** and Plaintiff's Complaint, (Doc. 3), against Experian Information Solutions, Inc., is **DISMISSED WITHOUT PREJUDICE.**

**IT IS FURTHER ORDERED** Plaintiff's Motion to Redact Personal Information, (Doc. 11), is **DENIED**.

**IT IS FURTHER ORDERED** Plaintiff's Motion to Strike, (Doc. 21), is **DENIED.**

**IT IS FURTHER ORDERED** that this action is **DISMISSED.**

A judgment dismissing this action will be filed contemporaneously herewith.

This the 30th day of September, 2026.

William L. Osteen, Jr.
United States District Judge